MAX MARGOLIS, RELATOR, v. TOWNSHIP OF MAPLEWOOD ET AL., RESPONDENTS.

Decided January 18, 1927.

**Zoning—Apartment-House in Restricted Territory—Ordinance Contained No Provision For Board of Adjustment, but Council Undertook to Amend Ordinance to Exclude Relator's Property—Relator Contends This Places Governing Body in Same Position as Board of Adjustment—Held, Not so—Application to Admit as Parties to Suit Adjacent Owners, Denied—Peremptory Writ Allowed.**

On rule for *mandamus*.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Edward L. Davis*.

For the respondents, *Samuel D. Williams*.

PER CURIAM.

Relator on June 8th, 1926, applied to the building inspector for a permit to erect a four-story apartment-house for thirty-two families on property owned by him and situate on the southerly side of Burnett street, in Maplewood. The permit was refused because under the zoning ordinance of the township, relator's lands are in a district restricted to single-family dwellings. The rule to show cause is dated July 26th, 1926, and was returnable October 5th, 1926.

The respondents contend that as the zoning ordinance, by section 12, provides for amending and repealing its provisions upon public notice of such proposed action, relator should have applied to the township committee to amend the ordinance so as to relieve his property from the prohibition now contained therein against it, before applying for or having the benefit of a writ of *mandamus*.

On August 18th, 1926, after the present rule was applied for and allowed, relator did apply to the township committee for a modification of the ordinance, and an ordinance having that purpose in view was prepared and introduced on October 5th, 1926, the return date of this rule to show cause.

The township zoning ordinance does not provide for a board of adjustment, but relator urges that 'the foregoing referred to provision for amendment contained in the ordinance places the township committee in the same position as a board of adjustment.

We conclude to the contrary. Whether the ordinance should or should not be modified was a pure matter of judgment and discretion not required to be based upon proofs, nor was the township committee compelled to act nor could they be. Until *Pamph. L.* 1926, *p.* 526, and *Chancellor Development Corp.* v. *Senior,* 4 *N. J. Mis. R.* 633, it was held that boards of adjustment were without jurisdiction in this direction. It is true that this court did hold to the contrary in *Eaton* v. *Newark,* 3 *N. J. Mis. R.* 363, but that holding was subsequently overruled in the Court of Errors and Appeals in *Krumgold* v. *Jersey City,* 3 *N. J. Adv. R.* 1546, and *Lutz* v. *Kaltenbach,* 4 *Id.* 341.

After the argument upon this rule application was made to amend the proofs by the addition of certain restrictive covenants affecting relator's lands and other and also a specific reservation or restriction contained in the deed to relator. All parties consenting this was permitted. Application was also made to bring in as parties to this proceeding owners of property adjacent and in the neighborhood of relator's property as being parties in interest. This latter application was held for consideration, and by permission of this court Mr.

A. P. Bachman was given leave to file a brief for such parties, *amicus curiæ,* which he has done.

The application of these property owners as parties to this proceeding must be and is denied, as no authority exists for their admission as such.

The question of restrictive covenants has been settled in this court in *Pumo* v. *Fort Lee,* 4 *N. J. Mis. R.* 663.

The peremptory writ of *mandamus* applied for will therefore be allowed.